## Joseph Stocks, Appellee, v. Woodrow-Parker Company. Byron B. Burns, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Moultrie county; the Hon. William K. Whitfield, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed October 27, 1915.

### Statement of the Case.

Bill by Joseph Stocks, complainant, against Woodrow-Parker Company and Byron B. Burns, defendants, praying that the prosecution of a suit in assumpsit by Joseph Stocks against Woodrow-Parker Company and Richard S. Woodrow, and a suit in assumpsit by Byron B. Burns against Joseph Stocks to recover on a note executed by Joseph Stocks to Woodrow-Parker Company and indorsed without recourse to Byron B. Burns; that the contract on which the note in the latter case was based and the note be canceled, and that the sum claimed in the former suit be ordered returned to complainant. From an interlocutory order overruling a motion to dissolve a temporary injunction, which was granted, defendant Byron B. Burns appeals.

E. J. Miller, for appellant.

Frank M. Harbaugh, Edward C. Craig, Donald B. Craig and James W. Craig, Jr., for appellee.

Mr. Justice Thompson delivered the opinion of the court.

### Abstract of the Decision.

1. Injunction, § 35*—*when pendency of suit at law not ground for temporary injunction.* The pendency of a suit at law against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the complainant to a bill for a temporary injunction enjoining the prosecution of such suit is not ground for the granting of the injunction, where the complainant states in his bill that he had a good defense to such action.

2. INJUNCTION, § 15*—*when pendency of suit at law not ground for granting of temporary injunction.* The pendency of a suit at law by the complainant to a bill for a temporary injunction enjoining the prosecuting of such suit is not ground for the granting of the injunction, as such suit is under the control of complainant.